**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ROMARIS WALTON, B69607,            )
                                   )
                    Plaintiff,     )
                                   )
vs.                                )
                                   )
OFFICER WILSON,                    )        Case No. 22-cv-2238-DWD
C/O McGRAFT,                       )
C/O JENKINS,                       )
NATHAN ATTERBURY,[1]               )
CHRISTOPHER WALTZ,                 )
MS. McCASLIN,                      )
DEANNA BROOKHART,                  )
ROB JEFFREYS,                      )
SHERRY BENTON.                     )
                                   )
                    Defendants.    )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Romaris Walton, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center (Lawrence). (Doc. 1). Plaintiff's original complaint was dismissed for failure to state a claim. (Doc. 7). Plaintiff filed a timely amended complaint. (Doc. 8).

Plaintiff's Amended Complaint (Doc. 8) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-

---

[1] In the caption, Plaintiff refers to Nathan Atterbury, but in the body text he refers to "Aterbury," (Doc. 8 at 1, 12). The Court assumes he is referring to the same person.

(b).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

<u>**The Amended Complaint**</u>

To best understand the Amended Complaint, it is helpful to repeat a few allegations from the original complaint.  Plaintiff's lawsuit is about an October 15, 2021, video visit that he had scheduled with a loved one.  (Doc. 1 at 9).  On that date, he was given the option to attend a needed medical appointment, or to attend his video visit.  He opted for the medical appointment, and asked staff to cancel the video visit.  Despite his request, the visit was initiated and his loved one spoke with another inmate for approximately 7 minutes.  Plaintiff (and his loved one) were upset by the video encounter that occurred.  As a result, Plaintiff initiated this litigation.  On initial review, the Court determined that the facts recited were insufficient to make out claims against the Defendants under the First, Eighth, or Fourteenth Amendments.

In the Amended Complaint, Plaintiff makes individual allegations as to each defendant, but he does not provide an overarching factual narrative.  (Doc. 8 at 1).  Plaintiff alleges that Defendant Christopher Waltz, the counselor who responded to his grievance about the video visit, did not adequately investigate the grievance because his response named individuals who did not work on the day in question and omitted the names of those who did work.  (Doc. 8 at 12).  He alleges that video footage existed that

could have been reviewed to substantiate or investigate his grievance, but instead Waltz chose to compliment staff on their inappropriate behavior and falsified his response to the grievance.  (Doc. 8 at 12).

Plaintiff alleges that Defendant McCaslin is the Grievance Officer who was responsible for reviewing his grievance about the video visit.  He challenges her response as either unsubstantiated, or lacking consideration for the emotional suffering to he and his loved one after the botched video visit.  (Doc. 8 at 12-13).  Also at the prison level, he alleges that Defendant Deanna Brookhart failed to ensure that the grievance process was fair, or that it operated properly in relation to his grievance.  (Doc. 8 at 13-14).

As to Defendant Rob Jeffreys, Plaintiff alleges that Jeffreys is responsible for "establishing, monitoring and enforcing over all operations, policies, and the practices of the Illinois Prison System," which includes access to fair grievance procedures.  (Doc. 8 at 13).  Rather than investigate Plaintiff's grievance, Jeffreys merely signed off on the grievance.   Additionally, Plaintiff alleges that Defendant Sherry Benton, an Administrative Review Board chairperson, was responsible for investigating his grievance but she failed to do so and instead agreed with the outcome recommended by the institution.  (Doc. 8 at 13).

Turning to Defendants Jenkins, Wilson, McGraft and Aterbury, Plaintiff alleges that on October 15, 2020, he told these individuals he would attend a medical appointment rather than his video visit, and as prison staff, they had a freestanding obligation to inform themselves of prisoner's schedules.  Despite this information, they failed to protect his loved one from a seven-minute video call with another inmate.  As a

result, he and his loved one suffered, and rumors circulated around the prison about him. After Plaintiff grieved the incident, he alleges that Wilson and McGraft were rumored to have told other inmates that they allowed the video visit to proceed unsupervised because Plaintiff was a frequent filer of grievances.  (Doc. 8 at 14).  In total, Plaintiff alleges he was forced to go almost an entire year without a video visit from his loved one because she would not visit him while he remained at Lawrence.

As a result of the events described, Plaintiff alleges that his First, Eighth, and Fourteenth Amendment rights were violated by all named defendants.  He seeks monetary compensation and a declaration that the defendants violated his rights.  (Doc. 8 at 15).  In support of the amended complaint, Plaintiff included about 80-pages of grievance documentation.

## Analysis

As the Court previously noted in the first Order of Initial Review, to the extent that Plaintiff raises claims on behalf of his loved one, he cannot do so because a pro se litigant cannot represent another person.  *In re IFC Credit Corp.*, 663 F.3d 315, 318-19 (7th Cir. 2011) ("individuals are permitted to litigate pro se, though not to represent other litigants."). Any such claim is dismissed.

The primary theme of Plaintiff's complaint is his contention that the Defendants violated his rights by preventing him from accessing a fair and impartial grievance procedure.  In association with this claim, he specifically attacks the roles played by Defendants Waltz, McCaslin, Brookhart, Benton, and Jeffreys, arguing that they failed to adequately investigate his grievance or to maintain a system for fair grievance processing.

"Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." Because Plaintiff had no expectation of a particular outcome of his grievances or complaints, there is no viable due process claim based on the denials of his grievances. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

Additionally, to the extent that Plaintiff names the defendants for their mere role in processing grievances, such an allegation does not form a valid basis for a claim. "Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance," so dismissal of claims against those individuals is appropriate. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Plaintiff names Defendants Waltz, McCaslin, Brookhart, Benton, and Jeffreys for their roles in reviewing his grievance, but he does not allege that they were involved in the underlying conduct—the video visit. Accordingly, Plaintiff's allegations against these individuals are not sufficient to create liability based on their handling of the grievance.

Plaintiff has again mentioned the Eighth Amendment, but he still has not specifically explained how he believes his claims fit within the Eighth Amendment. The Court does not see any obvious fit between the factual allegations in the complaint and

the legal theories recognized under the Eighth Amendment.  The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measures of life's necessities."  *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).  "In applying the Eighth Amendment to certain types of punishment, courts have generally forbidden 'intentionally inflicted excessive or grossly severe punishment…or [] conditions so harsh as to shock the general conscience[.]"  *Bono v. Saxbe*, 620 F.2d 609, 613 (7th Cir. 1980). Plaintiff described the Defendants' conduct as unfair, and he argued that it caused him humiliation, stress, and anxiety, but these allegations do not plausibly suggest the Defendants intentionally acted in an egregious manner that shocks the conscience, or that denied him the minimal civilized measures of life's necessities.

As the Court previously stated, it also considered Plaintiff's allegations under the Fourteenth Amendment Due Process clause because claims about visitation privileges are generally considered in this light.  Courts considering claims about denial of access to visitation privileges have routinely found that a loss of visitation privileges or a restriction is not an atypical and significant hardship that triggers the protection of the due process clause.  *See e.g.,* *Kitternman v. Dennison*, 2017 WL 2225140 (S.D. Ill. 2017) (collecting cases on visitation and finding that allegations about visits and video visits with family were not sufficient to state a claim).  It is not apparent from the facts alleged that Plaintiff lost access to future video visits as a direct result of this incident.  For example, he was not disciplined for another inmate using his video time, so he was not barred from future visits by actions of the prison.  At most, he alleges he did not have video visits with this specific loved one, but that was due to her personal preference, not

a restriction implemented by the prison.  As such, the Court finds that Plaintiff has not stated a claim against any of the Defendants under the Eighth or Fourteenth Amendments based on access to visits, or the video visit that went awry.

Turning back to the First Amendment, the Court also considered if Plaintiff identified a valid retaliation claim in his Amended Complaint.  "First Amendment retaliation cases require the petitioner to show that the speech or activity was constitutionally protected, a deprivation occurred to deter the protected speech or activity, and the speech or activity was at least a motivating factor in the decision to take retaliatory action."  *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).  The 'motivating factor' amounts to a causal link between the activity and the unlawful retaliation."  *Id.*  At most, Plaintiff alleges that after he grieved the video visit incident, he heard a rumor that Defendants Wilson and McGraft allowed the video visit to proceed because he was a frequent filer of grievances.  The Court does not find that a rumor is sufficient to create a plausible connection between past grievances and the issue with Plaintiff's video visit.  Accordingly, Plaintiff's retaliation claim is dismissed as insufficiently pled.

For all of these reasons, the Court finds it appropriate to dismiss the Amended Complaint for failure to state a claim.  While the Court freely grants leave to amend for pro se litigants, it is convinced after reviewing the Amended Complaint that Plaintiff will not be able to present a valid § 1983 claim premised on the events that transpired and the facts he has presented to the Court. *See e.g., Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *Owens v. Hinsley*, 635 F.3d 950, 956 (7th Cir. 2011) (district

court did not abuse its discretion by dismissing a complaint for failure to state a claim where inmate made progress in curing defects of earlier pleadings, but continued to pursue claims that were not viable).

### Disposition

Plaintiff's Amended Complaint is **DISMISSED** without prejudice for failure to state a valid claim under 28 U.S.C. § 1915A.  The Court concludes that leave to amend would be futile because in the Court's review of the facts presented, there is simply no scenario in which Plaintiff can plead a legally meritorious claim.  Accordingly, the Clerk of the Court is **DIRECTED** to **CLOSE** this case on the Court's docket.  This dismissal may count as a strike by the terms of 28 U.S.C. § 1915(g).

Plaintiff's pending Motion for Status (Doc. 9) is granted by the issuance of this Order.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: June 26, 2023

_____
DAVID W. DUGAN
United States District Judge